IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Nathaniel Caldwell III, #341823, | ) | Civil Action No. 1:14-4277-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden Roberto Roberts, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's motion to reconsider the Court's order granting summary judgment for Respondent (Dkt. No. 45-1 at 3–14). Petitioner also seeks a certificate of appealability. For the reasons set forth below, the Court denies the motion.

I. **Background**

Petitioner was indicted for kidnapping in June 2008. He was released on bond and absconded for two years, until he was apprehended. He pled guilty to kidnapping on July 15, 2010, and was sentenced to 15 years' imprisonment and required to register as a sex offender. On July 5, 2011, Petitioner filed an application for post-conviction relief ("PCR"). An evidentiary hearing was held, and his application was thereafter denied on March 30, 2012. Petitioner appealed to the South Carolina Supreme Court, which transferred his appeal to the South Carolina Court of Appeals. PCR appellate counsel raised one issue on appeal: Did the PCR court err in holding that Petitioner's guilty plea was voluntary. Petitioner also filed a *pro se* brief raising seven other issues (*see* Dkt. No. 39 at 3–4). On September 25, 2014, the Court of Appeals denied the appeal; its remittitur issued on October 13, 2014.

Petitioner filed the a petition for a writ of habeas corpus on October 28, 2014, asserting six grounds for relief: (1) denial of direct appeal due to ineffective assistance of counsel, (2)

insufficient evidence to sustain Petitioner's conviction, (3) ineffective assistance of counsel at trial, (4) due process and other constitutional violations due to defects with the indictment, (5) involuntary guilty plea, and (6) due process violations arising from errors by the PCR court. Respondent moved for summary judgment. On January 29, 2016, the Magistrate Judge issued the Report and Recommendation before the Court, which the Court adopted in part on March 7, 2016. (Dkt. No. 39). The Magistrate Judge found the petition to be untimely filed and to have no merit on any asserted ground for relief. The Court disagreed with the Magistrate Judge's analysis of the timeliness of the petition, but fully agreed with the Magistrate Judge's analysis of the merits.

On September 27, 2016, the Court received a letter from Petitioner claiming he mailed a motion to reconsider to the Clerk on March 28, 2016 that was never filed on the docket. (Dkt. No. 42.) In support of his assertion, Petitioner attached prison postage records showing a mailing to the Clerk on March 28, 2016, and correspondence with Respondent counsel that could be read as confirming that the motion had been served on opposing counsel. (*Id.*) The Court ordered Respondent to file any relevant communications with Petitioner, which Respondent promptly did. (Dkt. No. 45.) That filing includes a motion to reconsider dated March 26, 2016. (*Id.* at 3–14.) Substantial evidence suggests the motion to reconsider found at docket entry 45-1, pages 3 to 14, was timely filed under *Houston v. Lack*, 487 U.S. 266 (1988), on March 28, 2016, and there is no evidence to the contrary. The Court therefore will consider Petitioner's motion to reconsider the Court's order of March 7, 2016 as timely filed.

## II.    **Legal Standard**

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment but does not provide a standard for such motions. The Fourth Circuit provides "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error

of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (citation omitted).

### III. Discussion

Petitioner seeks reconsideration by rearguing the grounds asserted in his Petition, apparently meaning to assert the Court's denial of those grounds is "clear error of law." As set forth below, Petitioner's arguments are all meritless.

#### A. Ground One

Petitioner argues that he was denied the right to appeal his plea and sentence. The Court held this argument procedurally barred because the issue was not ruled on by the PCR court, raised in a Rule 59(e) motion, or raised in Petitioner's PCR appeal. Petitioner seeks reconsideration of that holding, arguing, "failure of a state appellate court to mention a federal claim does not mean the claim was not presented to it." (Dkt. No. 45-1 at 4.) But the Court has his PCR *application*—which makes no mention of any denial of appellate rights. The Court also has his PCR appellate brief (both his *pro se* brief and his counsel's brief)—which make no mention of any denial of appellate rights. The argument first appears in a *pro se* motion to supplement *pro se* brief filed on September 5, 2014—over four years after the direct appeal deadline—with the South Carolina Supreme Court, in support of Petitioner's PCR petition for a writ of certiorari. (Dkt. No. 17-5.) The South Carolina Supreme Court denied Petitioner's motion to supplement his brief. (Dkt. No. 17-7.) The argument is procedurally barred.

-3-

The Court also held Petitioner failed to assert a meritorious issue that could have been raised on appeal. Petitioner seeks reconsideration by repeating his disagreement with the solicitor's statement, made during the factual recitation at Petitioner's plea hearing, at his that he "raped and sodomized" the child he kidnapped. As the Court noted in its order of March 7, 2016, if Petitioner disagreed with the facts recited by the State, he had a right to have the issued tried by a jury of his peers. (Dkt. No. 39 at 1 n.2.) He chose not to. Although Petitioner correctly asserts he was not charged with "rape and sodomy," he was charged with criminal sexual conduct with a minor in the second degree and lewd act upon a minor. (Dkt. No. 17-1 at 98.) Those charges were dropped as part of the favorable plea bargain negotiated by Petitioner's highly competent trial counsel when Petitioner told his trial counsel that he wanted to avoid a trial, presumably because he believed he would be convicted:

> This Court also finds that the Applicant failed to prove that counsel had a plausible basis to object to the solicitor's factual recitation which included a comment that the Applicant "raped and sodomized" the child, where the factual recitation was apparently based upon the victim's statement of events; furthermore, the Applicant was not prejudiced because the plea was for a negotiated sentence which the Applicant in fact received.
>
> This Court finds· no credible evidence of any ineffective assistance of counsel that rendered the Applicant's plea involuntary: This Court finds that the Applicant pled guilty because he was guilty and because he ·believed he, would be convicted if he went to trial, especially considering the DNA evidence and the fact that his nearly two-year flight could be considered evidence of guilt.

(Dkt. No. 17-1 (PCR court order denying PCR application).)

### B.     Ground Two

Petitioner argues that he was denied due process because the State presented insufficient evidence of his guilt as to each element of the charged offense. The Court held that claim to be without merit because Petitioner admitted his guilt and the facts establishing his guilt during the plea colloquy. Petitioner seeks reconsideration because "he was misled to believe by his plea

counsel that that was in his best interest" and because he did not "th[ink] or believe[] he was guilty." (Dkt. No. 45-1 at 7.) That argument is meritless: Whether pleading guilty was in Petitioner's best interest does not bear on the sufficiency of the State's evidence, which was sufficient because Petitioner admitted, under oath and in open court, facts establishing his guilt.

### C.  Grounds Three and Five

Petitioner argues that his guilty plea was not entered voluntarily because trial counsel did not explain the charges against him, did not explain that he would have to register as a sex offender, and did not explain to him that he would be ineligible for parole. The Court found no error in the PCR court's denial of those claims. Petitioner seeks reconsideration with a lengthy argument that essentially asserts that, had trial counsel been diligent in researching his case, he would have discovered evidence that the victim's ex-boyfriend was "setting the Petitioner up." (Dkt. No. 45-1 at 4–11). The PCR court's factual findings refute Petitioner's assertion:

> This Court finds that counsel's testimony at the PCR hearing, in conjunction with the guilty plea transcript, refutes all of the Applicant's claims of ineffective assistance of counsel. This Court finds no credible evidence that counsel's performance was deficient. Counsel met with the Applicant numerous times and spoke with him on the phone, although obviously, counsel was not able to communicate with him during the time the Applicant absconded from custody for nearly two years. Counsel fully discussed the discovery with him, fully discussed the relevant law with hint, and did utilize ail investigator to help investigate the facts. In fact, counsel's investigator attempted to interview the victim but she declined to be interviewed. The investigator also attempted to track down phone records and records of text messages. Counsel also had another attorney assisting him on the case. Counsel advised the Applicant as to his options with respect to pleading guilty or going to trial, and they discussed potential defenses and their likelihood of success at trial. Counsel was not aware of any lesser-included offenses of which he needed to advise the Applicant. Counsel advised the Applicant that if the victim cooperated with the solicitor, there was a good chance that the Applicant would be convicted on all charges, particularly in light of the DNA evidence and the young age of the child. Counsel noted that although there had been some question prior to August 2008 as to whether the victim would cooperate, the victim was in fact present when the case was initially called to trial would cooperate, the victim was in fact present when the case was initially called to trial.

### D.    Ground Four

Petitioner argues deficiencies with the indictments violated various constitutional provisions. Petitioner waived any claims relating to his indictments when he pled guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Petitioner seeks reconsideration based on cases stating that jurisdictional defects in an indictment are not waived. (Dkt. No. 45-1 at 12 (citing *United States v. Berrios-Centeno*, 250 F.3d 294 (5th Cir. 2001); *United States v. Gatewood*, 173 F.3d 983 (6th Cir. 1999).)[1] But "[t]o the extent that these decisions hold that a defective indictment deprives a court of jurisdiction, they are overruled by [*United States v.*] *Cotton*[, 535 U.S. 625, 630 (2002).]" *United States v. Longoria*, 298 F.3d 367, 372 (5th Cir. 2002). Moreover, those cases concern assertions that federal indictments failed to allege an offense, and, consequently, that there was no federal subject-matter jurisdiction. That is not an issue here. Petitioner's challenges to the indictment are 1) timeliness (his argument is unclear but he apparently complains the indictment was returned outside the term of the grand jury), and 2) the sufficiency of the evidence supporting the charges. (Dkt. No. 1 at 11.) Petitioner waived those challenges by pleading guilty.

### E.    Ground Six

Petitioner argues that errors by the PCR court denied him due process of law. The Court held only constitutional violations in the criminal proceeding resulting in Petitioner's detention can justify habeas relief from that detention. Petitioner restates his argument in a single, conclusory sentence but presents no argument for reconsideration of the Court's holding.

---

[1] Petitioner also cites *United States v. Vreeken*, 803 F.2d 1085 (10th Cir. 1986), but that case did not involve a guilty plea or any other issue possibly relevant to this case.

### F.     Certificate of Appealability

The Court's order of March 7, 2016 denied a certificate of appealability. (Dkt. No. 39 at 13.) Petitioner seeks reconsideration of that denial, arguing that he has made of substantial showing of the denial of a constitutional right. For the reasons set forth above, the Court finds Petitioner has failed to make a substantial showing of the denial of a constitutional right. Because the legal standard for the issuance of a certificate of appealability has not been met, the Court denies Petitioner's request for reconsideration of the previous denial of a certificate of appealability.

### IV.     Conclusion

For the foregoing reasons, the Court denies Petitioner's motion to reconsider the Court's order of March 7, 2016 (Dkt. No. 45-1 at 3–14).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 14/2016
Charleston, South Carolina