IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Nathaniel Caldwell, III, | ) | Civil Action No. 1:14-4277-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| Warden Roberto Roberts, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on a limited remand from the United States Court of Appeals for the Fourth Circuit, directing this Court to determine whether Petitioner filed a timely notice of appeal under Rule 4(c)(1) of the Federal Rules of Appellate Procedure. (Dkt. No. 51.) The Court finds by a preponderance of the evidence that Petitioner filed a notice of appeal on November 7, 2016.

I. **Background**

Petitioner was indicted for kidnapping in June 2008. He was released on bond and absconded for two years, until he was apprehended. He pled guilty to kidnapping on July 15, 2010, and was sentenced to 15 years' imprisonment and required to register as a sex offender. On July 5, 2011, Petitioner filed an application for post-conviction relief ("PCR"). An evidentiary hearing was held, and his application was thereafter denied on March 30, 2012. Petitioner appealed to the South Carolina Supreme Court, which transferred his appeal to the South Carolina Court of Appeals. PCR appellate counsel raised one issue on appeal: Did the PCR court err in holding that Petitioner's guilty plea was voluntary. Petitioner also filed a *pro se* brief raising seven other issues (*see* Dkt. No. 39 at 3–4). On September 25, 2014, the Court of Appeals denied the appeal; its remittitur issued on October 13, 2014.

Petitioner filed the present petition for a writ of habeas corpus on October 28, 2014, asserting six grounds for relief: (1) denial of direct appeal due to ineffective assistance of counsel, (2) insufficient evidence to sustain Petitioner's conviction, (3) ineffective assistance of counsel at trial, (4) due process and other constitutional violations due to defects with the indictment, (5) involuntary guilty plea, and (6) due process violations arising from errors by the PCR court. Respondent moved for summary judgment. On January 29, 2016, the Magistrate Judge issued the Report and Recommendation before the Court, which the Court adopted in part on March 7, 2016. (Dkt. No. 39). The Magistrate Judge found the petition to be untimely filed and to have no merit on any asserted ground for relief. The Court disagreed with the Magistrate Judge's analysis of the timeliness of the petition, but fully agreed with the Magistrate Judge's analysis of the merits.

On September 27, 2016, the Court received a letter from Petitioner claiming he mailed a motion to reconsider to the Clerk on March 28, 2016 that was never filed on the docket. (Dkt. No. 42.) In support of his assertion, Petitioner attached prison postage records showing a mailing to the Clerk on March 28, 2016, and correspondence with Respondent counsel that could be read as confirming that the motion had been served on opposing counsel. (*Id.*) The Court ordered Respondent to file any relevant communications with Petitioner, which Respondent promptly did. (Dkt. No. 45.) That filing included a motion to reconsider dated March 26, 2016. (*Id.* at 3–14.) The Court allowed that the motion might have been lost in transit and therefore considered it as timely filed. The Court denied the motion to reconsider on the merits on October 14, 2017. The order was served by mail on Petitioner on October 17, 2017.

On February 21, 2017, the Fourth Circuit received a letter from Petitioner claiming that he had timely filed his notice of appeal on November 7, 2016 by giving it to prison authorities for mailing on that date. He also provided a copy of correspondence with the S.C. Attorney General's

-2-

office, dated January 27, 2017, confirming that on November 10, 2016 that office received a copy of his notice of appeal, marked as "cc." (Dkt. No. 51.) The Fourth Circuit construed Petitioner's letter as a notice of appeal. Under the Federal Rules of Appellate Procedure and the prison mailbox rule, the notice of appeal was filed on February 10, 2017. Fed. R. App. P. 4(d) (notice of appeal sent to court of appeals considered filed in district court on date received by the court of appeals); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (notice of appeal from pro se prisoner considered received on date notice is delivered to prison mailroom); (Dkt. No. 51-2 (Petitioner's envelope addressed to the Fourth Circuit stamped received by prison mailroom on February 10, 2017)). The Fourth Circuit has remanded for consideration of whether Petitioner mailed a previous notice of appeal to this Court, not docketed in this case, at about the same time Petitioner mailed a copy of a notice of appeal to the S.C. Attorney General's office.

On October 31, 2017, the Court ordered Petitioner to file a statement explaining any attempt to file a notice of appeal in this case and ordered Respondent to file a statement describing correspondence received from Petitioner regarding a notice of appeal, with copies of such correspondence. The parties have now each filed responses to the Court's order.

## II. Discussion

At the outset of this case, Petitioner was informed that "Any future filings in this case must be sent to the address below: (901 Richland Street, Columbia, South Carolina 29201)." (Dkt. No. 6 at 2 (emphasis removed).) Petitioner initially complied with that instruction and his mail was delivered to the Court without incident. (*E.g.*, Dkt. Nos. 1, 6, 21, 27, 35, 38.) After the petition was denied, however, delivery of his mail for some reason became unreliable.

First, Petitioner mailed a motion to reconsider to the S.C. Attorney General's office. (Dkt. No. 45.) Months later, he moved the Court to order Respondent to provide the motion to reconsider to the Court. The Court ordered Respondent to provide any correspondence, and, after receiving

the motion to reconsider, accepted the possibility that Petitioner's motion had been lost in the mail and accepted the motion to reconsider as timely filed, and denied it on the merits. (Dkt. No. 46.)

Second, shortly after the Court's order denying the motion to reconsider, Petitioner again mailed a filing, his notice of appeal, to the S.C. Attorney General's office, which was received on November 10, 2016. (Dkt. Nos. 51-1, 59.) That mailing included a letter to the S.C. Attorney General's office stating that the notice had been filed with the district court on November 7, 2016. Months later, he sent that notice and correspondence with the S.C. Attorney General's office to the Fourth Circuit.

Third, on January 26, 2017, Petitioner mailed a FOIA request (postdated January 27, 2017) to this Court, complaining that the Court did not respond to a previous request for documents. That request was not mailed from a prison mailroom. Instead, it was mailed by certified mail from Maryland and was addressed to the Charleston Division of this Court. Included with it was a purported copy of the previous lost request, dated October 27, 2016, together with a certified mail receipt dated November 2, 2016 and signed an employee of the Clerk of Court in the Columbia Division. The Court has confirmed the receipt is authentic and that the mailing originated in Maryland.

It is suspect that, before Petitioner's petition was denied, the postal service faithfully delivered his correspondence to this Court, and the Clerk of Court faithfully docketed it, but that, after his petition was denied, his mail to this Court was always lost in transit or in the Clerk's office. Nevertheless, Petitioner has submitted a statement affirming that he timely mailed the notice of appeal to the Clerk of Court on November 7, 2016. (Dkt. No. 60.) That statement is corroborated by his contemporaneous communications with the S.C. Attorney General's office (Dkt. No. 59), and by prison postage forms provided by Petitioner (Dkt. No. 51-1). There is no

apparent reason why Petitioner would timely mail his notice of appeal to the South Carolina Attorney General with a statement that the notice had been filed with the clerk, without actually filing the notice of appeal. Against the evidence that Petitioner did mail a notice of appeal on November 7, 2016, the only contrary evidence is the absence of any record of receipt by the Court. It is not impossible for prison mailings to be lost in transit. While the odds of a particular mailing being lost is very small, the Court has no basis upon which to find the chance that Petitioner's notice of appeal was lost in the mail is so small that it is probable that he never mailed it, despite significant evidence that he did.

### III. Conclusion

For the foregoing reasons, the Court **FINDS**, by a preponderance of the evidence, that Petitioner mailed a notice of appeal regarding the Court's order of October 14, 2016 from the institution in which he is incarcerated, by means of the institutional mail system, on November 7, 2016.

Richard Mark Gergel
United States District Court Judge

November 24, 2017
Charleston, South Carolina